# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEDOM TOWNSHIP, et al., : | |
|     Plaintiffs : | Civil Action No. 1:10-cv-2287 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| BOARD OF ASSESSMENT APPEALS OF : | |
| ADAMS COUNTY, PENNSYLVANIA, et : | |
| al., : | |
|     Defendants : | |

## MEMORANDUM ORDER

Pending before the Court is a motion for preliminary injunction filed by Defendants Board of Assessment Appeals of Adams County and Chief Assessor of Adams County. (Doc. No. 2.) In their motion, Defendants request that the Court enjoin all proceedings in the action docketed at 2010-S-1941and 2010-S-2079 in the Court of Common Pleas of Adams County, Pennsylvania. (Id.) For the reasons articulated herein, the Court will grant Defendants' motion for a preliminary injunction.

**I.    BACKGROUND**

On November 1, 2010, Plaintiffs filed a complaint in the Court of Common Pleas for Adams County, Pennsylvania, seeking to enjoin the property tax assessment appeals process. (Doc. No. 1-3.) The complaint alleged that the property tax assessment appeals process implemented by Defendants and 21st Century Appraisals violated state and federal law. (Id.) Specifically, in Counts III, V, VI, VII, and VIII of the complaint, Plaintiffs allege violations of the due process and equal protection clauses of the United States Constitution and seek relief pursuant to 42 U.S.C. § 1983. (Id.) Defendants filed a timely notice of removal and the case was

docketed with this Court. (Doc. No. 1.)

Notice of the removal was served on Plaintiffs' counsel on November 4, 2010. (Doc. No. 2-2 ¶ 6.) The same day, Plaintiffs' counsel requested consent to amend his complaint in the Court of Common Pleas for Adams County. (Id. ¶ 7.) On November 8, 2010, Plaintiffs informed the Court of Common Pleas for Adams County that:

> In order to insure that you and the Court of Common Pleas of Adams County, Pennsylvania retain jurisdiction, I have dismissed/withdrawn action 2010-S-1941 and filed a new complaint which is verbatim, the same as the original complaint, except, there are no references to [42 U.S.C. § 1983] nor [sic] any sections with the U.S. Constitution.
>
> Apparently a removal action, once filed in Federal U.S. District Court "automatically" removes the State-Court action to Federal Court.
>
> I have enclosed a proposed court order setting the hearing for Wednesday under the new case number for your consideration. I wish to avoid any question of the Court of Common Pleas having jurisdiction on Wednesday morning, November 10, 2010[,] and don't believe the new complaint filed can be removed since there are absolutely no federal styled claims or causes of action contained therein.

(Id., Ex. D (emphasis in original).) Plaintiffs then submitted the new complaint, identical in all respects to the original, with the sole exception that all references to federal law were removed. (Id.) The Honorable Joseph H. Kleinfelter of the Court of Common Pleas of Adams County then ordered that a hearing be held on November 10, 2010, at 9 a.m., to consider whether to issue a preliminary injunction in this matter against Defendants. (Id., Ex. C.) Plaintiffs then filed this emergency matter seeking to enjoin the state court proceedings. (Doc. No. 1.)

Defendants served Plaintiffs with their motion for preliminary injunction, and the Court held a telephone conference with the parties. (Doc. No. 6.) Rather than filing a brief in

2

opposition, following the telephone conference Plaintiffs filed a motion to amend their complaint. (Doc. No. 7.) Because Plaintiffs did not request an evidentiary hearing or suggest that there were any issues of material fact that needed to be resolved, the Court declined to schedule any further hearings on the preliminary injunction. See 13 James Wm. Moore, et al., Moore's Federal Practice § 65.21 (Matthew Bender 3d ed.) ("A court may nevertheless decide to issue a preliminary injunction with a hearing if the defendant does not request one. . . . Also, a hearing is not required if no disputed factual issues need to be resolved when deciding whether or not to issue a preliminary injunction."); Williams v. Curtiss-Wright Corp., 681 F.2d 161, 163 (3d Cir. 1982) (holding that "a preliminary injunction may issue on the basis of affidavits and other written evidence, without a hearing, if the evidence submitted by both sides does not leave unresolved any relevant factual issue"); see also Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 552 (6th Cir. 2007) (holding that Rule 65's notice requirement does not mandate the court hold a hearing where the issues are primarily questions of law and there are no disputed factual issues).

## II. DISCUSSION

In keeping with principles of federalism and respect for the sovereignty of the several states and their judicial system, the courts of the United States are generally prohibited by the Anti-Injunction Act from issuing injunctions to stay proceedings in state courts. 28 U.S.C. § 2283. However, the Anti-Injunction Act does empower the courts of the United States to enjoin actions in a state court where (1) an injunction is expressly authorized by Congress; (2) an injunction is necessary in aid of its jurisdiction; or (3) an injunction is necessary to protect or effectuate its judgments. (Id.) The statute governing removal procedures, 28 U.S.C. § 1446,

provides that after the defendant has given notice of removal and filed the notice with the state court, the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). This language has been considered express authorization to stay state court proceedings; therefore, injunctions to stay state proceedings in removed cases come within the first exception to the Anti-Injunction Act. See Mitchum v. Foster, 407 U.S. 225, 234 (1972).

Although the removal statute only commands the state court to stay the case that was actually removed, the courts have been unanimous in concluding "a plaintiff's fraudulent attempt to subvert the removal statute implicates the 'expressly authorized' exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction." Davis Int'l, LLC v. New Start Grp. Corp. (Davis I), 488 F.3d 597, 605 (3d Cir. 2007) (concluding a district court could grant an anti-suit injunction where plaintiff, after removal, refiled state law claims in state court); see also Davis Int'l, LLC v. New Start Grp. Corp. (Davis II), 367 F. App'x. 334, 338 (3d Cir. 2010) (concluding the district court properly enjoined plaintiff from refiling state law claims in state court following removal); Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., 77 F.3d 1063, 1069 (8th Cir. 1996); Lou v. Belzberg, 834 F.2d 730 (9th Cir. 1987); Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899 (5th Cir. 1975) (per curiam).

The present action falls squarely within the Third Circuit's guidance in Davis I and Davis II. Here, Plaintiffs have made a brazen effort to strip this Court of its jurisdiction over this matter. As Plaintiffs themselves informed the Court of Common Pleas of Adams County, Plaintiffs refiled their complaint "[i]n order to insure that you and the Court of Common Pleas of Adams County, Pennsylvania retain jurisdiction, I have dismissed/withdrawn action 2010-S-1941 and filed a new complaint which is verbatim. . . ." (Doc. No. 2-2, Ex. D.) In the words of the

4

Third Circuit, "[t]his is exactly the kind of abusive tactic that courts have condemned as an attempt to subvert the removal statute." Davis II, 367 F. App'x at 338 (citing Kansas Pub. Emps. Ret. Sys., 77 F.3d at 1070-71).

**ACCORDINGLY**, on this 9th day of November 2010, it is hereby ordered that Defendants' motion (Doc. No. 2) is **GRANTED**. Further proceedings in the action docketed 2010-S-1941and 2010-S-2079 currently pending before the Court of Common Pleas of Adams County, will be enjoined unless and until this action is remanded.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
